UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRANDON McFADDEN,

                      Plaintiff,

   -against-

STATE OF NEW YORK; OFFICER JORGE
PUGA; DETECTIVE GRIFFIN; SRGT.
PATRICT ABDUL; ADA JACQUELINE
RIZK,

                      Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
10-CV-00141 (RRM)(CLP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.
★ FEB 22 2010
P.M.
TIME A.M.

MAUSKOPF, United States District Judge.

Plaintiff, currently incarcerated at Greene Correctional Facility,[1] brings this *pro se* action pursuant to 42 U.S.C. § 1983 challenging the lawfulness of an arrest that occurred in Queens County, New York on July 22, 2008 and the ensuing prosecution. He seeks two million dollars in damages. The action, originally filed in the United States District Court for the Southern District of New York, was transferred to this Court by Order dated December 21, 2009.

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his complaint against Assistant District Attorney Jacqueline Rizk and the State of New York are dismissed. Plaintiff's complaint against the remaining defendants may proceed as set forth below.

**Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or,

---

[1] According to the New York State Department of Correctional Services (DOCS), plaintiff is now incarcerated at Greene Correctional Facility, not at the Rikers Island address he provided the Court. *See* Http://nysdocslookup.docs.state.ny.us (last visited January 19, 2010). Plaintiff is reminded that it is his obligation to keep the Court apprised of his current address. The Clerk of Court is directed to serve this Order on plaintiff at Greene Correctional Facility.

1



in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). The Court construes plaintiff's pleadings liberally particularly because they allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

**Background**

Although not lucidly stated in a short and plain manner,[2] the Court is able to cobble together the gist of plaintiff's claims of false arrest and malicious prosecution from the complaint and its attachments. Plaintiff states that on July 22, 2008, he was fishing at "Bch 14th St. Boa[r]dwalk Far Rockaway NY" when he was approached by three "plain clothes dete[ct]ives," Sergeant Abdul, Officer Puga and Detective Griffin. Complaint at ¶ II(D); Attachment Civilian Complaint Review Board Complaint ("CCRB Complaint") at ¶ 5.[3] Plaintiff provides addresses

---

[2] Rule 8 of the Federal Rules of Civil Procedure states that a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Given plaintiff's *pro se* status and his entitlement to liberal construction, the Court construes the submission as alleging false arrest and malicious prosecution.

[3] Plaintiff's submission contains only the first page of the CCRB Complaint; plaintiff's description of the incident is interrupted by the page break.

2

for these police officers at the 114th Precinct in Queens, New York. Complaint at ¶ I. Plaintiff avers that the officers asked him to get on his knees and when he refused, Officer Puga asked him questions and searched his pockets; defendant Abdul "was playing on my phone." Complaint at ¶ II(D). These incidents were witnessed by the friends with whom he was fishing. Complaint at ¶ II(D).

Plaintiff does not state in his complaint or in the CCRB Complaint that he was arrested on July 22, 2008 or for what he was charged. Rather, the Court infers that he was arrested on that date from plaintiff's other attachment, Particular Allegations as to Conspiracy in Action for Malicious Prosecution ("Conspiracy Allegations") in which he states that he was arrested, charged on July 22, 2008, and prosecuted for the crime of "220.39," criminal sale of a controlled substance in the third degree by defendants Puga, Rizk and the "114 team." Complaint, Conspiracy Allegations. Plaintiff alleges that these defendants charged, "made corroborating affidavits," and "gave false and malicious testimony in support of" this charge. Plaintiff does not state the date of his Queens County trial or provide the result of his trial. The Court takes judicial notice that, after plaintiff submitted the complaint on November 4, 2009 to prison authorities for mailing to the United States District Court for the Southern District of New York, plaintiff was incarcerated on November 12, 2009 for the crime of criminal possession of a controlled substance in the third degree. *See* Http://nysdocslookup.docs.state.ny.us (last visited January 19, 2010).

**Discussion**

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state

3

law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.*

1. Prosecutorial Immunity

Defendant, Jacqueline Rizk, Assistant District Attorney of Queens County, has prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities); *Doe v. Phillips*, 81 F. 3d 1204 (2d Cir. 1996) (same). A prosecutor's immunity applies not only in a courtroom, but also in connection with the decision whether or not to commence a prosecution. *Gan v. City of New York*, 996 F. 2d 522, 530 (2d Cir. 1993); *Maglione v. Briggs*, 748 F. 2d 116, 117 (2d. Cir. 1984) ("presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute immunity"). However, the actions of a prosecutor are not covered by absolute immunity merely because they were performed by a prosecutor; rather, the question is whether the actions "are part of a prosecutor's traditional functions." *Doe*, 81 F.3d at 1209. A prosecutor has absolute immunity against a claim for damages based on her performance of tasks as an advocate in the conduct of the prosecution. *Id.*; *see Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutor absolutely immune from liability on damages claim that he conspired to present false evidence at criminal trial). There is no allegation that defendant Rizk acted outside of her prosecutorial role. Thus, plaintiff's claim against defendant Rizk is dismissed because it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2. State of New York

To the extent plaintiff seeks to bring a § 1983 claim against the State of New York, it fails because the state is entitled to Eleventh Amendment immunity. In interpreting § 1983 to take into account state sovereign immunity provided by the Eleventh Amendment, the Supreme Court has plainly held that neither states nor its officers (when sued in their official capacities) are "persons" that are subject to suit under the statute. *Hafer v. Melo*, 502 U.S. 21, 26 (1991) (the Eleventh Amendment does not bar § 1983 suits against state officials in their individual and personal capacity); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (neither states nor state officials acting in their official capacities are persons within the meaning of § 1983); *Ying Jing Gan*, 996 F.2d at 529 ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued. To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."). Thus, plaintiff's claim against the State of New York is dismissed because it seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915A(b).

**Conclusion**

Accordingly, plaintiff's complaint against defendant Rizk and the State of New York is dismissed. 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants.

Plaintiff's complaint against the remaining defendants may proceed. The United States Marshals Service is directed to serve the summons and complaint upon the defendants Puga, Griffin and Abdul of the 114rd Precinct of the New York City Police Department in Queens County, without prepayment of fees. A copy of this Order shall be served on the Special Litigation Division of the Corporation Counsel. The case is referred to the Honorable Cheryl L.

Pollak, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
 February 19, 2010