UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BRANDON MCFADDEN,

        Plaintiff,

        - against -

STATE OF NEW YORK; OFFICER JORGE
PUGA; DETECTIVE GRIFFIN; SERGEANT
PATRICK ABDUL; ADA JACQUELINE RIZK,

        Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
10-CV-141 (RRM)(CLP)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff *pro se* brings this action for monetary relief against defendants New York Police Department ("NYPD") employees Officer Jorge Puga, Detective Richard Griffin, and Patrick Abdul ("defendants"), the State of New York, and Assistant District Attorney for Queens County Jacqueline Rizk, alleging violations of the Civil Rights Act, 42 U.S.C. § 1983.[1] On February 19, 2010 this Court dismissed *sua sponte* pursuant to 28 U.S.C. § 1915 plaintiff's claims against the State of New York on Eleventh Amendment grounds, and against Rizk on grounds of prosecutorial immunity. (Mem. and Order (Doc. No. 7) at 5.) Presently before the Court is the motion to dismiss of the remaining defendants Puga, Griffin and Abdul. (Doc. No. 19.) For the reasons below, their motion is GRANTED.

### BACKGROUND

    The following facts, liberally construed, are taken from Plaintiff's complaint and his response to defendants' motion to dismiss, assumed to be true for purposes of deciding the instant motion. *See, e.g.*, *Arnold v. Westchester Cnty.*, No. 09-CV-3727 (JSR)(GWG), 2010 WL 3397375, at *1 (S.D.N.Y. Apr. 16, 2010) (considering factual allegations contained in the

---

[1] Plaintiff's application to proceed *in forma pauperis* was granted on January 21, 2010. (Doc. No. 5.)

various materials submitted by plaintiff *pro se* in connection with defendants' motion to dismiss). Where applicable, the Court takes judicial notice of state court and other filings, as matters of public record. *See Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992).

On July 22, 2008, plaintiff alleges he and others were fishing in Far Rockaway, Queens, when defendants NYPD Officer Puga, NYPD Sergeant Abdul, and NYPD Detective Griffin confronted plaintiff. (Compl. (Doc. No. 4-4) ¶ II(D).) After questioning and searching plaintiff, defendants arrested plaintiff for sale of a controlled substance offense.[2] (Am. Compl. (Doc. Nos. 18, 23) ¶ IV; *see* Compl. ¶ IV(F).) Plaintiff alleges that, at some point after his arrest, "once the arresting officer became aware that [plaintiff] had prior sale convictions, he change[d] [plaintiff's] charge to a sale of illegal drugs." (Am. Compl. ¶ IV.) Plaintiff also alleges that at some point after the arrest, he was "attacked at the law library at AMKC C-95 while trying to prove [his] inorcents [sic]." (Compl. ¶ III.) Plaintiff makes no allegation as to the identity of his attacker, or who may have caused the attack.

Plaintiff was convicted in October 2009, after a jury trial in New York Supreme Court, Queens County. (Am. Compl. ¶ IV.) Although there is some confusion as to plaintiff's crime of conviction, it is clear, even by plaintiff's own complaint, that he currently stands convicted under state law of a controlled substance offense arising out of the arrest made by these defendants.[3] *Id*. In essence, plaintiff's false arrest and malicious prosecution claims are

---

[2] Plaintiff's submissions are somewhat unclear as to whether the offense for which he was arrested involved the sale or possession of a controlled substance. (*Compare* Compl. ¶ IV (alleging that defendants falsely "cause[d] Plaintiff's arrest and prosecution," for violation of New York Penal Law 220.39, criminal sale of a controlled substance in the third degree), *with* Am. Compl. ¶ 3 (alleging that defendants arrested plaintiff for possession of "[i]llegal drugs").)

[3] Plaintiff alleges that he was convicted of possession in the seventh degree, while defendants contend that he was convicted of third degree possession, submitting records of conviction in support of their contention. (*Compare* Am. Compl. ¶ IV *with* Aff. of Matthew Modafferi Ex. C (Doc. No. 20-4), at 1 (Certificate of Disposition); Defs.' Mem. in Supp. (Doc. No. 22) at 4.) The degree of possession is irrelevant, however, because the plaintiff's conviction of

2

grounded in plaintiff's belief that he was maliciously charged with more serious crimes than he committed, and for which a jury found him guilty.

Plaintiff originally filed his complaint in the United States District Court for the Southern District of New York. (Am. Compl. ¶ II.) On December 21, 2009, the action was transferred to this Court pursuant to 28 U.S.C. § 1391(b). (Transfer Order (Doc. No. 3).) Defendants filed their motion to dismiss on March 4, 2011. (Doc. No. 19.) In response, plaintiff submitted an amended complaint. (Doc. Nos. 18, 23.) Defendants' replied, alleging plaintiff's amended complaint should be dismissed as futile. (Doc. No. 24.)

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the court to examine the legal, rather than factual, sufficiency of a complaint. As required by Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court considering a motion to dismiss must "take[] factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). A complaint need not contain " 'detailed factual allegations,' " but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by

---

possession, in either degree, operates to bar plaintiff's claims under the rule in *Heck v. Humphrey*, as described below.

3

mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The determination of whether "a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir. 2007)).

While *pro se* plaintiffs must satisfy these pleading requirements, federal courts are "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71–72 (2d Cir. 2009) (citations omitted). In other words, trial courts hold *pro* se complaints to a less exacting standard than they apply to complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213–14. Since *pro se* litigants "are entitled to a liberal construction of their pleadings, [their complaints] should be read to raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citation and internal quotation marks omitted). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, however, the court should not hesitate to dismiss his claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997); *see also Johnson v. City of N.Y.*, 669 F. Supp. 2d 444, 448 (S.D.N.Y. 2009) ("[T]o survive a motion to dismiss, even a *pro se* plaintiff must plead enough facts to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)).

As noted above, plaintiff submitted an amended complaint in response to defendants' motion to dismiss. Although the general rule is that "a complaint cannot be modified by a

4

party's affidavit or by papers filed in response to a dispositive motion to dismiss," *Brownstone Inv. Group, LLC. v. Levey*, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007), the Court will consider the factual allegations contained in plaintiff's amended complaint. *See Arnold*, 2010 WL 3397375, at *1 (considering "the relevant factual allegations contained in" *pro se* plaintiff's opposition to defendants' motion to dismiss); *Woods v. Goord*, No. 01-CV-3255 (SAS), 2002 WL 731691, at *1 n.2 (S.D.N.Y. Apr. 23, 2002) (considering *pro se* prisoner's factual allegations in briefs as supplementing the complaint); *Burgess v. Goord*, No. 98-CV-2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) ("In general, 'a court may not look outside the pleadings when reviewing a Rule 12(b)(6) motion to dismiss. However, the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum.' " (quoting *Gadson v. Goord*, No. 96-CV-7544 (SS), 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (Sotomayor, J.))).

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's submissions if plaintiff has knowledge or possession of the material and relied on it in framing the complaint . . . and ([4]) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356–57 (S.D.N.Y. 2003) (internal citations omitted); *see Liberty Mut.*, 969 F.2d at 1388 ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.") (internal quotation marks omitted); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d

5

42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [documents submitted by defendant] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim"); *Pani*, 152 F.3d at 75 ("[A] district court may rely on matters of public record in deciding a motion to dismiss.").

## DISCUSSION

### I. False arrest and malicious prosecution

Read liberally, the gravamen of Plaintiff's complaint is that plaintiff was falsely arrested and maliciously charged with more serious crimes than he committed, and for which a jury found him in violation of 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

"Section 1983 itself creates no substantive rights, [but] . . . provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985)). To state a claim under § 1983, a plaintiff "must allege (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwyer v. Regan*, 777 F.2d 825, 828 (2d Cir. 1985), modified, 793 F.2d 457 (2d Cir. 1986) (citation omitted).

Plaintiff's § 1983 claims, however, are barred by the Supreme Court's ruling in *Heck v. Humphrey* and its progeny. 512 U.S. 477. In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

6

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. "Disposition of the case on *Heck* grounds . . . warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus.' " *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (quoting *Heck*, 512 U.S. at 487).

Claims for both false arrest and malicious prosecution both call into question the validity of a conviction, because false arrest requires a lack of probable cause and malicious prosecution requires probable cause and a termination of the proceedings in the defendant's favor. *See, e.g.*, *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006) (Sotomayor, J.) (false arrest); *Savino v. City of N.Y.*, 331 F.3d 63, 72–75 (2d Cir. 2003) (malicious prosecution and false arrest); *Smart v. City of N.Y.*, No. 08-CV-2203 (HB), 2009 WL 862281, at *4–5. Courts in this Circuit routinely dismiss these claims where the plaintiff's conviction has not been overturned or otherwise invalidated. *See, e.g.*, *Lynch v. Suffolk Cnty. Police Dep't., Inc.*, 348 F. App'x. 672, 674 (2d Cir. 2009); *Fallen v. Connelly*, 36 F. App'x. 29, 31 (2d Cir. 2002) ("To be sure, if a person were validly convicted of the crime for which he was arrested, he would be barred from bringing a claim for false arrest because one element of such a claim is the absence of probable cause . . . and a valid conviction establishes the existence of probable cause."); *Younger v. City of N.Y.*, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (dismissing false arrest and malicious prosecution claims on summary judgment on *Heck* grounds).

7

Here, plaintiff, by his own admission, currently stands convicted following a jury trial of a controlled substance offense, and has not shown that the conviction was disturbed. *See Gastelu v. Breslin*, No. 03-CV-1339 (JG), 2005 WL 2271933, at *3 (E.D.N.Y. Sept. 12, 2005). Plaintiff has not alleged that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87. Thus, his conviction "stands as a complete bar to any claims of false arrest . . . and malicious prosecution under Section 1983." *Smith v. P.O. Canine Dog Chas*, 2004 WL 2202564, at *6 (S.D.N.Y. Sept. 28, 2004). Moreover, that plaintiff was ultimately convicted of a lesser charge than that for which he was arrested has been uniformly rejected by courts in this Circuit as the basis for claims of false arrest and malicious prosecution. *See, e.g., Allison v. Farrell*, No. 97-CV-2247 (DAB), 2002 WL 88380, at *4 (S.D.N.Y. Jan. 22, 2002) ("[I]t is of no moment that [plaintiff] pled guilty to a lesser charge arising out of the events that took place on the day of his arrest and that the Criminal Trespass charge, temporally the first charge in the chain of charges was allegedly dismissed"); *Papeskov v. Brown*, No. 97-CV-5351 (SS), 1998 WL 299892, at *5 (S.D.N.Y. June 8, 1998) (Sotomayor, J.) (collecting cases) ("[A] plea of guilty, even to a charge lesser than that for which the plaintiff was arrested, bars a § 1983 action [for malicious prosecution and false arrest].") (citations omitted), *aff'd*, 173 F.3d 845 (2d Cir. 1999).

For these reasons, plaintiff's claims of malicious prosecution and false arrest are DISMISSED.

## II. Post-arrest attack

"Section 1983 imposes liability for 'conduct which subjects, or causes to be subjected[,] the complainant to a deprivation of a right secured by the Constitution and laws.' Accordingly,

'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.' " *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986) (quoting *Rizzo v. Goode,* 423 U.S. 362, 370–71 (1976) and *McKinnon v. Patterson*, 568 F.2d 930, 936 (2d Cir. 1977)) (internal citations and some internal quotation marks omitted). As noted, plaintiff has failed to allege the involvement, if any, of defendants in the law library attack. Moreover, as plaintiff acknowledges in his complaint, the alleged attack here is identical to that alleged in plaintiff's action filed in the United States District Court for the Southern District of New York. *See McFadden v. State of NYC*, No. 08-CV-10035 (LTS)(JLC), Stipulation of Settlement and Order of Dismissal (Doc. No. 29) (S.D.N.Y. June 7, 2010).[4] Plaintiff settled that claim and dismissed his complaint with prejudice. *Id.* ¶ 1–2. Plaintiff, therefore, is barred from relitigating the same assault here. *See, e.g.*, *Monahan v. N.Y.C. Dept. of Corr.*, 214 F.3d 275, 291–93 (2d Cir. 2000); *Sweeper v. Tavera*, No. 08-CV-6372 (HB), 2009 WL 2999702, at *2 (S.D.N.Y. Sept. 21, 2009). For these reasons, plaintiff's claims arising out of an alleged attack on his person following his arrest are DISMISSED.

### III. Leave to amend

A district court should provide a *pro se* plaintiff "every reasonable opportunity to demonstrate that he has a valid claim," particularly where he alleges a civil rights violation. *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984). However, "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny

---

[4] Indeed, plaintiff has filed numerous *pro se* actions in this and other courts alleging civil rights violations against various police, corrections and other law enforcement agencies. *See, e.g., McFadden v. City of N.Y.*, No. 10-CV-1176 (RRM)(VVP) (E.D.N.Y. Mar. 10, 2010); *McFadden v. State of N.Y.*, No. 10-CV-1175 (RRM)(VVP) (E.D.N.Y. Mar. 10, 2010); *McFadden v. State of N.Y.*, No. 09-CV-10332 (LAP) (S.D.N.Y. Dec. 21, 2009); *McFadden v. C.O. Herman et al.*, No. 09-CV-1415 (TJM)(ATB) (N.D.N.Y. Dec. 21, 2009); *McFadden v. Dep't of Corr.*, No. 07-CV-5326 (RRM)(LB) (E.D.N.Y. Nov. 13, 2007); *McFadden v. Dep't of Corr. (NYC)*, No. 07-CV-11570 (WHP) (S.D.N.Y. Dec. 26, 2007); *McFadden v. Masley et al.*, No. 06-CV-1826 (LAK) (S.D.N.Y. Mar. 8, 2006); *McFadden v. Marcus*, No. 05-CV-4342 (TLM)(LB) (E.D.N.Y. Sept. 15, 2005); *McFadden v. City of N.Y.*, No. 02-CV-4298 (ARR)(LB) (E.D.N.Y. July 29, 2002).

leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Cortec Indus.*, 949 F.2d at 48 ("[W]here a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice." (citation omitted)). Here, plaintiff's false arrest and malicious prosecution claims are substantively inadequate to state a claim for relief under *Heck*. His claims arising from the alleged law library incident are barred by prior settlement. Leave to amend, therefore, would be futile.

## CONCLUSION

Defendants' motion to dismiss all remaining claims against them is GRANTED. Accordingly, plaintiff's complaint is DISMISSED in its entirety as to defendants Puga, Griffin and Abdul. The Clerk of Court is directed to enter Judgment accordingly and to close the case.

The Clerk is further directed to transmit a copy of this Order to plaintiff *pro se* via U.S. Mail.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 28, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge